# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-41343

United States Court of Appeals
Fifth Circuit

**FILED**
October 20, 2015

Lyle W. Cayce
Clerk

HILDA GONZALEZ GARZA,

Plaintiff - Appellant

v.

STARR COUNTY, TEXAS; VICTOR CANALES, JR.,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:12-CV-274

Before REAVLEY, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:*

A jury awarded Hilda Gonzalez Garza $1.4 million in front pay based on her unlawful termination by Starr County, Texas, and her supervisor, County Attorney Victor Canales, Jr.  Garza appeals the district court's order treating this verdict as advisory and granting Defendants' motion to reinstate her to a comparable position in lieu of the front pay.  Because the district court erred

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-41343

in disregarding a binding jury verdict, we REVERSE and REMAND for the district court to reinstate the jury's award of front pay.

## I.

After serving for four years as an Assistant County Attorney for Starr County, Garza informed Canales that she intended to run for election to the local school board.  Two days later, Canales terminated her without explanation.  Garza filed suit under 42 U.S.C. § 1983 and the Texas Constitution, alleging that her termination was retaliatory in violation of her First Amendment and analogous state law rights.  Garza sought damages and equitable relief including reinstatement and front pay.  Her complaint and Defendants' answer each included a jury demand.

After discovery, Defendants moved for summary judgment.  They argued that summary judgment should be granted in favor of Starr County and Canales in his official capacity because Garza's termination was not pursuant to a municipal policy or custom of retaliation.  The district court granted summary judgment as to the § 1983 claims against Starr County and Canales in his official capacity, noting that "[Garza's] response does not even address Defendants' argument regarding municipal liability."  The district court denied summary judgment as to Garza's § 1983 First Amendment claim against Canales in his individual capacity, and as to Garza's claims against both defendants for equitable relief under the Texas Constitution.

The case proceeded to trial on Garza's remaining claims.  Defendants' proposed jury instructions asked "[w]hat sum of money . . . would fairly and reasonably compensate the Plaintiff for her damages caused by [Canales] for violating Plaintiff's First Amendment rights," and instructed the jury to consider among the elements of damages "impairment of earning capacity or ability in the future."  Garza's proposed instructions contained similar language.  At the charge conference, immediately after the close of evidence,

the court discussed with the parties the incompatibility of reinstatement and front pay, concluding, "I'm going to go ahead and ask them about future damages and then we can decide. You can elect remedies later." The parties then reviewed the court's jury charge, which instructed the jury to consider among the elements of damages "earnings, including benefits, that the plaintiff is reasonably certain to lose in the future." The final jury question asked: "What sum of money, if paid now in cash, do you find from a preponderance of the evidence would fairly and reasonably compensate the plaintiff for her damages caused by Canales's violation of her First Amendment rights?" and included separate lines for the jury to determine "[e]arnings, including benefits, that the plaintiff has lost in the past," and "[e]arnings, including benefits, that the plaintiff is reasonably certain to lose in the future." Neither party objected to these instructions.

The jury returned a verdict for Garza, awarding her $68,400 in back pay and $1,431,600 in front pay. Defendants subsequently filed a motion to reinstate Garza in an equivalent position with the Starr County Attorney's office in lieu of front pay, which Garza opposed. The court held an evidentiary hearing to determine the feasibility of reinstatement, during which it stated for the first time that the jury's verdict on front pay was advisory rather than binding. The court then provisionally reinstated Garza, and later issued a final judgment awarding Garza "[i]n lieu of front pay awarded by the jury, reinstatement to the position of Assistant County Attorney under the terms offered by Defendants," along with back pay, attorney's fees, costs, and interests.

No. 14-41343

On appeal, Garza argues that the district court erred when it disregarded the jury's verdict and reinstated her in lieu of the front pay award.[1]

## II.

Whether a party is entitled to a jury trial is a legal question that is reviewed de novo. *U.S. Bank Nat'l Ass'n v. Verizon Commc'ns, Inc.*, 761 F.3d 409, 416 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 1430 (2015).

The parties agree that front pay and reinstatement are equitable remedies for which Garza was not entitled to a jury trial. *See Deloach v. Delchamps, Inc.*, 897 F.2d 815, 824 (5th Cir. 1990) (noting that reinstatement and front pay are equitable remedies under § 1983); *U.S. Bank*, 761 F.3d at 416 (noting that Seventh Amendment right to jury trial applies to suits brought to determine legal rights, not equitable rights). However, a request for equitable relief that is submitted to the jury without objection triggers Rule 39(c). *Whiting v. Jackson State Univ.*, 616 F.2d 116, 123 (5th Cir. 1980). Rule 39(c) provides that "[i]n an action not triable of right by a jury, the court, on motion or on its own: (1) may try any issue with an advisory jury; or (2) may,

---

[1] Garza also appeals the summary judgment dismissal of her § 1983 damages claims against Starr County and Canales in his official capacity. Garza argues that she did not need to show an official policy or practice because Canales was the final policymaker with respect to her termination. However, Garza concedes that she neither produced evidence that Canales was a final policymaker nor made any argument in support of municipal liability in response to Defendants' motion for summary judgment. Ordinarily, "we are bound in our review of the granting of summary judgment by the record as it existed at the time summary judgment was granted." *Moore v. Miss. Valley State Univ.*, 871 F.2d 545, 549 (5th Cir. 1989). Garza did raise Canales's status as a final policymaker in a motion to reconsider, but this was after the trial on the merits. In her brief to our court, she did not address whether the district court abused its discretion in denying her motion to reconsider; thus, we do not reach this issue.

The district court denied summary judgment as to equitable relief, and Starr County conceded at oral argument that the jury award of front pay, if reinstated, is binding on Starr County because front pay is an equitable remedy.

with the parties' consent, try any issue by a jury whose verdict has the same effect as if a jury trial had been a matter of right . . . ."  Fed. R. Civ. P. 39(c).

Here, both parties requested a jury, and the district court instructed the jury on front pay without objection, establishing consent to try the front pay question to the jury.  Under Rule 39(c)(2), the jury's verdict therefore has the same effect as if a jury trial had been a matter of right.  *Alcatel USA, Inc. v. DGI Techs., Inc.*, 166 F.3d 772, 795 n.101 (5th Cir. 1999) ("The express consent of the parties to a nonadvisory jury is not required by Fed. R. Civ. P. 39(c).  If one party demands a jury, the other does not object, and the court orders a jury trial, this will be regarded as trial by consent."); *Whiting*, 616 F.2d at 123 ("By failing to object, the parties agreed that the jury's verdict on the claims for equitable relief was to have the same effect as if a right to a jury trial existed.").

Once the parties have consented, either expressly or implicitly, to a jury trial under Rule 39(c), "the court must provide them advance notice if it intends to regard the verdict as advisory."  *Alcatel*, 166 F.3d at 795–96.  No such advance notice was given here.  As in *Alcatel*, "the possibility that the jury's findings might be advisory was never mentioned until after the verdict was returned."  *Id.* at 796.  Our holding in *Alcatel* controls:  Because the district court gave no advance notice that it might consider the verdict on front pay to be advisory, "whether or not the issues were equitable in nature, the verdict of the jury must be treated as if the right had existed and it is beyond the power of the district court to set the verdict aside on the theory it was advisory."  *Id.* (quoting *Thompson v. Parkes*, 963 F.2d 885, 888 (6th Cir. 1992)).

Defendants argue that they never consented to submit front pay to a binding jury and that the parties and the court understood all along that the verdict would be advisory.  These contentions find some support in the record.  During the hearing on reinstatement, neither party responded when the district court stated that "the jury's verdict on front pay, as you know, is

advisory. It's not binding on the Court so I'm going to decide what I think's reasonable." In her own Motion for Entry of Judgment, Garza requested "entry of a final judgment adopting the actual and advisory damages that were found by the jury in its verdict." Nevertheless, these post-trial statements do not alter the fact that no mention of an advisory verdict was made before the verdict was returned. *See Gloria v. Valley Grain Products, Inc.*, 51 F.3d 1045 (5th Cir. 1995) (unpublished)[2] (agreeing with the Sixth Circuit in *Thompson*, 963 F.2 at 889, that "[t]he parties are entitled to know prior to trial whether the jury or the court will be the trier of fact," and holding that Rule 39(c) operated to create a binding jury even though references to the jury being advisory were made during trial) (alteration in original).

Under *Whiting*, *Alcatel*, and *Gloria*, Defendants' failure to object when the district court submitted the front pay question to the jury, with no mention of an advisory role, established their consent to a binding jury trial. The district court therefore erred when it set aside the jury award of front pay, electing instead to order Garza's reinstatement at the County Attorney's office. We reverse and remand the case to the district court for reinstatement of the jury's front pay award.[3]

Defendants argue that the award of $1.4 million, representing twenty-two years of front pay, is excessive. Relying on the district court's reinstatement of Garza in lieu of front pay, Defendants did not challenge the amount of the front pay award by the jury in the district court. The more prudent course would have been for Defendants to file a cross-appeal challenging the size of the verdict. *See Art Midwest Inc. v. Atl. Ltd. P'ship XII*, 742 F.3d 206, 211 (5th Cir. 2014) ("Even a 'party who prevails in the district

---

[2] Fifth Circuit Rule 47.5.3 provides that unpublished opinions issued before January 1, 1996, are binding precedent.

[3] We therefore do not reach Garza's argument that her reinstatement was infeasible.

court is permitted to conditionally raise issues in a cross-appeal because if the appellate court decides to vacate or modify the trial court's judgment, the judgment may become adverse to the cross-appellant's interest.'") (quoting *Cook v. Rockwell Int'l Corp.*, 618 F.3d 1127, 1153 (10th Cir. 2010)). Nevertheless, we believe that Defendants should be permitted the opportunity to raise this challenge in the first instance before the district court on remand.[4]

## III.

Because the district court erred in treating a binding jury verdict as advisory, we REVERSE and REMAND for proceedings consistent with this opinion.

---

[4] We caution, however, that Defendants did not object when the district court instructed the jury to include as damages "earnings, including benefits, that the plaintiff is reasonably certain to lose in the future," and they utterly failed to brief plain error on appeal. *See Jimenez v. Wood Cty.*, 660 F.3d 841, 845 (5th Cir. 2011) (en banc) (explaining that where there was no timely and specific objection to a jury instruction, we review only for plain error). Accordingly, Defendants are now precluded from challenging any error that is attributable to this instruction.